NEBRASKA COUNCIL OF EDUCATIONAL LEADERS, APPELLEE, V.
NEBRASKA STATE DEPARTMENT OF EDUCATION AND STATE
BOARD OF EDUCATION, A GOVERNMENTAL SUBDIVISION,
APPELLANTS.

205 N. W. 2d 537

Filed March 23, 1973. No. 38630.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellants.

Moore & Moore, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This is an appeal from an order of the Court of Industrial Relations finding that the plaintiff is entitled to serve as a bargaining representative for those employees of the defendant who authorize it to act for them, and directing defendant to undertake good faith negotiations in regard to the determination of terms and conditions of employment and the administration of grievances. The order of the Court of Industrial Relations is against "the defendant" without further specificity. We reverse and dismiss.

Plaintiff's petition alleges that it is an unincorporated association formed by the Lincoln-based professional employees of the division of administrative services, division of vocational education, and division of instructional services of the State Department of Educa-

tion of the State of Nebraska for the purpose of representation of said professional employees in all matters of employment relations. It alleges itself to be a labor organization as that term is defined in section 48-801, R. S. Supp., 1969.

Both the State Department of Education and the State Board of Education are governmental agencies of the State of Nebraska, set up by the Constitution of the State of Nebraska. Article VII, sections 14 and 15, Constitution of Nebraska. The State Department of Education has general supervision of administration of the school system of the state. The duties and powers of the State Board of Education are as prescribed by the Legislature.

Plaintiff's petition lists the two agencies as defendants, but the allegations are specifically directed against the State Department of Education. Nowhere in the petition does the plaintiff allege any facts which show a primary right of the plaintiff and a legal wrong done by the State Board of Education which involves that primary right. The order of the Court of Industrial Relations refers only to "the defendant" without specifying which defendant.

The defendants set out four specific assignments of error, one of which involves the legal capacity of the plaintiff to maintain this action. Inasmuch as we find plaintiff did not have sufficient legal capacity to maintain the action, we do not consider the other assignments.

Section 25-314, R. R. S. 1943, so far as material herein, provides as follows: "Provided, when such * * * unincorporated organization does not have a usual place of doing business or activity within the state, nor a clerk or general agent within the state, such * * * unincorporated association shall appoint an agent or agents in this state and before it is authorized to engage in any kind of business or activity in this state such * * * unincorporated organization shall file in the office of the Secretary of State a certified statement setting forth

that such * * * unincorporated organization is doing business or conducting activities in the State of Nebraska stating the nature of the business or activity, and designating an agent or agents within the State of Nebraska, upon whom process, or other legal notice of the commencement of any legal proceeding, or in the prosecution thereof may be served; * * *."

It is undisputed that the plaintiff did not file any kind of a written statement with the Secretary of State of Nebraska. Nor did the plaintiff prove that it had a usual place of doing business, or a clerk or general agent within the state. The main activity for which the plaintiff is formed is to represent its members in the area embraced in these proceedings. This is the purpose of its very existence. We therefore do not agree with the Court of Industrial Relations that this unincorporated association may bring this action, and then subsequently qualify under section 25-314, R. R. S. 1943. The Court of Industrial Relations states plaintiff has not yet engaged in any business or activity. However, it directs the "defendant" to undertake good faith negotiations with the plaintiff on behalf of its employees. This is the sole business or activity for which plaintiff is organized.

Section 25-313, R. R. S. 1943, authorizes an unincorporated association to represent employees in collective bargaining with employers, as well as to sue and be sued in the name of the association. However, before it may bring an action in the courts of this state, it must comply with the provisions of section 25-314, R. R. S. 1943.

The plaintiff, having failed to comply with the provisions of section 25-314, R. R. S. 1943, was not authorized to bring this action. It has no legal capacity to sue. The demurrers should have been sustained. We reverse the judgment of the Court of Industrial Relations and dismiss the action.

REVERSED AND DISMISSED.

CLINTON, J., concurs in result.

McCOWN, J., dissenting.

The majority opinion denies a local unincorporated labor organization the right to sue in the courts of Nebraska because it had not filed a certified statement with the Secretary of State stating the nature of its activities and designating an agent or agents within the State of Nebraska upon whom process might be served. This result is reached on the authority of section 25-314, R. R. S. 1943. That section deals with the service of process on unincorporated organizations. The section authorizes service of process by leaving a copy at the usual place of doing business or conducting activities within the county with one of the members of the association or with a clerk or general agent thereof or with the Secretary of State.

The statute then provides that when the organization "does not have a usual place of doing business or activity within the state, nor a clerk or general agent within the state" then before it is authorized to engage in activities in this State, it shall file with the Secretary of State the certified statement referred to. Failure to file the statement is deemed an appointment of the Secretary of State for service of all legal process against the association growing out of such activities.

Section 25-313, R. R. S. 1943, also referred to in the majority opinion, since 1947 has authorized any company, partnership, or unincorporated labor association, such as the plaintiff, to sue and be sued in the courts of this State. That section was specifically amended in 1947 to include an unincorporated association representing employees in collective bargaining with employers. That amendment obviously came as a result of this court's decision in Hurley v. Brotherhood of Railroad Trainmen, 147 Neb. 781, 25 N. W. 2d 29.

From 1947 to 1959, section 25-314, R. R. S. 1943, provided only that process against any such unincorporated association shall be served by a copy left at its usual

place of doing business within the county with one of the members of such company, firm, or unincorporated association, or with a clerk or general agent thereof. It had no provisions for filing statements, designating agents, or serving the Secretary of State. Amendments in 1959 and 1961 added the provisions applying to organizations which do not have a usual place of doing business or activity within the State, nor a clerk or general agent within the State, and provided for service on the Secretary of State in such cases in the absence of the required certified statement. The legislative history of those amendments makes it very clear that the Legislature intended to make *nonresident* unincorporated organizations amenable to the service of process. There was obviously no intention to require a resident organization which had a usual place of doing business or activity, or had a clerk or a general agent, to register with the Secretary of State before it could invoke the jurisdiction of the courts of Nebraska. The statement in 1959 indicates that the amendment was intended as an expansion of the power to serve nonresidents with process in a fashion similar to service on nonresident employers as provided by section 48-175.01, R. R. S. 1943. In the floor debate in 1961, Senator McHugh, who introduced the 1961 amendment, stated that the effect of the bill was to make available the same process for nonresident associations as was available for foreign corporations.

The interpretation of section 25-314, R. R. S. 1943, now adopted by the majority of this court not only treats resident and nonresident unincorporated associations as exactly the same but also disregards the specific language of section 25-313, R. R. S. 1943. The majority holding now means that resident local partnerships, firms, or unincorporated organizations will all be required to file a certified statement in the office of the Secretary of State announcing the nature of their business or activity and designating an agent or agents in

the State of Nebraska upon whom process may be
served. Until they do, all such organizations will be
denied the right to file suit in Nebraska courts even
though they are specifically authorized to do so by
section 25-313, R. R. S. 1943.

It should also be pointed out that section 25-314, R.
R. S. 1943, sets out the only statutory consequence of
failing to file such a certified statement. The statute
itself provides that the doing of business or conducting
activities within the State of Nebraska without filing
the certified statement and designating an agent shall
be deemed an appoinment of the Secretary of State as
its true and lawful attorney upon whom may be served
all legal process in any action or proceeding against it
growing out of such business or activities.

The majority opinion leaps the gulf of establishing
the critical fact of whether the plaintiff had a usual
place of doing business, or a clerk or general agent in
the State by stating: "Nor did the plaintiff prove that
it had a usual place of doing business, or a clerk or
general agent within the state." It might much more
appropriately be said that there is absolutely no proof
of any kind that the plaintiff did not have a usual place
of conducting activities or a clerk or general agent
within the State. There is not even an allegation in
the pleadings to support such a conclusion. On the
contrary, the exhibits admitted in evidence in the Court
of Industrial Relations and the testimony in the record
show that the plaintiff is an unincorporated association
whose members are all employees of the defendant and
based in Lincoln, Nebraska. The plaintiff is a labor
organization and is not affiliated with any other labor
organization. A copy of the constitution of the plain-
tiff was in evidence. The names of its executive com-
mittee appear and were known to the defendants. To
assume that the plaintiff does not have a usual place of
doing business or conducting activity within the State
nor a clerk or general agent simply disregards the

testimony and every reasonable inference which can be drawn from the evidence. In addition, it is quite clear that the burden of proving that plaintiff was subject to the certified statement requirement of section 25-314, R. R. S. 1943, and had no standing to use the courts of Nebraska in the absence of such a statement rested on the defendants and not on the plaintiff.

The majority opinion not only reaches an erroneous result in this case but unduly and unnecessarily complicates future litigation by and against resident Nebraska unincorporated companies, associations, partnerships, and organizations.